UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JENNIFER L. PARKER,

       Plaintiff,                          Civil No. 07-33 DSD/FLN

v.                                 **REPORT AND RECOMMENDATION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

_____

       Fay E. Fishman, Esq., for Plaintiff.
       Lonnie F. Bryan, Assistant United States Attorney, for Defendant.

_____

       Plaintiff Jennifer L. Parker seeks judicial review of the final decision of the Commissioner of Social Security, who denied her application for disability benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405(g).  This Court has appellate jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c).  The parties have submitted cross-motions for summary judgment (Docket Nos. 12 and 19).  For the reasons which follow, this Court recommends the Commissioner's decision be remanded for further proceedings.

### I.  INTRODUCTION

       Plaintiff Jennifer L. Parker applied for DIB on August 4, 1999, alleging a disability

1

onset date of October 24, 1995.  (Tr. 195-197).  The Social Security Administration denied the applications initially and on reconsideration.  (Tr. 154-58, 161-63).  Plaintiff filed a request for a hearing, and the hearing was held before ALJ Michael D. Quayle on December 13, 2000.  (Tr. 38-94).  ALJ Quayle rendered an unfavorable decision on February 20, 2001.  (Tr. 140-53).  Plaintiff appealed, and the Appeals Council granted review and vacated the ALJ's decision on August 15, 2001, finding that the hearing decision did not contain an evaluation of certain mental impairments.  (Tr. 185-87).  Plaintiff attended another hearing before ALJ Quayle on January 23, 2002.  (Tr. 95-133).  ALJ Quayle issued an unfavorable decision on March 20, 2002.   (Tr. 15-26).  This time, the Appeals Council denied Plaintiff's request for review.  (Tr. 10-12).

Plaintiff appealed to this Court on July 8, 2002.  See Parker v. Barnhart, No. 02cv1713 (JSM/JNE).  On September 15, 2003, United States District Judge Joan N. Ericksen issued an Order remanding the ALJ's decision for further proceedings to determine Plaintiff's residual functional capacity, in light of her subjective complaints of pain analyzed under *Polaski* and the opinions of her treating physician, Dr. Hanson.  (Id., Docket No. 20.)  The Court ordered that further testimony be developed through an independent vocational expert to determine whether Plaintiff's impairments prevent her from doing her past work and any other work in the regional or national economy.  Id.

As a result of the remand, a hearing was held before ALJ Diane Townsend-Anderson on June 16, 2004.  (Tr. 929-976).  She issued an unfavorable decision on October 25, 2004, and the Appeals Council denied review on March 18, 2005.  (Tr. 644-60, 634-36).  Plaintiff filed a second appeal with this Court on April 15, 2005.  See Parker v. Barnhart, 05cv769 (SRN/RHK).  United States District Judge Richard H. Kyle

granted the parties' stipulation to remand, and ordered remand on October 7, 2005. (Id., Docket No. 26.)  The parties stipulated:

> [u]pon remand, the Commissioner will conduct proceedings to further evaluate the medical evidence of record.  In particular, the administrative law judge will address and evaluate the opinion evidence provided by Dr. Hanson, reevaluate Plaintiff's residual functional capacity, and as appropriate, take any further action needed to complete the administrative record and issue a new decision.

Id., Docket No. 24.

Upon remand, the Appeals Council ordered the ALJ to re-evaluate Dr. Hanson's opinion in order to adequately address the claimant's residual functional capacity.  (Tr. 1010-1013).  A  hearing was scheduled before ALJ Diane Townsend-Anderson on April 10, 2006.  (Tr. 1200-1216).  Plaintiff was ill, and requested a continuance of the hearing through counsel.  (Tr. 1202).  Her request was denied, and the hearing held in her absence, over her objections.  (Tr. 1203).  The ALJ issued an unfavorable decision on May 8, 2006, and the Appeals Council denied review on December 1, 2006.  (Tr. 983-1000, 977-979).

## II.  DISCUSSION

As an initial matter, the Court notes that Plaintiff contends this case should be remanded solely on the issue that she did not waive her right to appear at the hearing before the ALJ on April 10, 2006.[1]  Plaintiff cites 20 C.F.R. § 404.936(e)(1) for the proposition that the ALJ must continue the hearing if the claimant is unable to attend

---

[1] Alternatively, Plaintiff argues the ALJ failed to give proper weight to the opinion of Dr. Hanson, and other treating physicians, failed to give appropriate weight to Plaintiff's subjective complaints, arrived at an incorrect residual functional capacity, and failed to propound a proper hypothetical question to the vocational expert.

3

due to illness.  Plaintiff further cites 20 C.F.R. § 404.929,  HALLEX I-2-6-60(c), and 42 U.S.C. § 405(b) in support of the claimant's right to personally appear at a hearing before a claim for disability benefits may be denied.  Finally, Plaintiff cites SSR 79-19 for the proposition that a person's right to appear at a hearing is "so absolute, it can only be waived in writing after an explanation of rights." (Petitioner's Memorandum, p. 42, Docket No. 12).

Defendant argues Plaintiff's claim that it was essential for her to testify at the April 2006 hearing is disingenuous and should be rejected.  (Defendant's Memorandum, pp. 18-19, Docket No. 19).  Defendant points to the following facts in support of his claim.  First, this was the fourth administrative hearing in this matter, and Plaintiff testified at three previous hearings.  Second, the ALJ explained that she found Plaintiff's testimony not necessary to reach a decision because Plaintiff's date last insured was September 1998, over seven years prior to the date of the hearing.  Third, at the June 2004 hearing, Plaintiff's counsel took the position that no additional testimony was necessary, and having Plaintiff testify about the relevant period was nearly impossible. (citing Tr. 932).  Fourth, Plaintiff argued that no additional medical or vocational expert testimony was necessary at the April 2006 hearing (citing Tr. 1203-04).  The Court notes, however, that additional medical and vocational expert testimony were taken at the hearing.  (Tr. 1204-15).   Defendant does not cite any authority for the proposition that Plaintiff was not entitled to a continuance of the April 2006 hearing.

The regulations governing the Social Security Administration ("SSA") indicate:

> "The administrative law judge will also find good cause for changing the time or place of your scheduled hearing, and will reschedule your hearing, if your reason is one of the

> following circumstances and is supported by the evidence:
>
> (1) You or your representative are unable to attend or to travel to the scheduled hearing because of a serious physical or mental condition, incapacitating injury, or death in the family...

20 C.F.R. § 404.936(e)(1).

The regulation concerning the general right to a hearing provides in pertinent part:

> If you are dissatisfied with one of the determinations listed in §404.930 you may request a hearing...At the hearing you may appear in person or by video teleconferencing, submit new evidence, examine the evidence used in making the determination or decision under review, and present and question witnesses....If you waive your right to appear at the hearing, either in person or by video teleconferencing, the administrative law judge will make a decision based on the evidence that is in the file and any new evidence that may have been submitted for consideration.

20 C.F.R. § 404.929.

The regulation concerning presenting evidence at a hearing before an administrative law judge provides in part:

> (a) *The right to appear and present evidence.*  Any party to a hearing has a right to appear before the administrative law judge, either in person or,...by video teleconferencing, to present evidence and to state his or her position.  A party may also make his or her appearance by means of a designated representative...
>
> (b) *Waiver of the right to appear.*  You may send the administrative law judge a waiver or written statement indicating that you do not wish to appear at the hearing...

The Social Security Act, 42 U.S.C. § 405(b)(1) provides for the right to notice and opportunity for a hearing on an unfavorable decision of a disability claim.  Courts have

also recognized that the Due Process Clause of the Fifth Amendment requires that a claimant receive an opportunity to personally appear at a hearing before a claim for disability benefits is denied. Stiver v. Shalala, 879 F.Supp. 1021, 1024 (D.Neb. 1995); Lara v. Apfel, 2000 WL 1182668, at *1, No. 99-3717 (6th Cir. Aug. 15, 2000). In recognition of this right to an opportunity for a hearing, the SSA issued SSR 79-19 to "establish requirements necessary for a valid waiver of an individual's right to appear..." Stoner v. Secretary of Health and Human Services, 837 F.2d 759, 761 (6th Cir. 1988) citing SSR 79-19. In order to knowingly and voluntarily waive the right to appear, the claimant should sign a statement acknowledging his right and indicating his waiver of those rights. Id. The court in Stoner, held that a claimant did not waive his right to appear where the claimant's attorney appeared and participated at the hearing. 837 F.2d at 761.

The parties do not dispute that Plaintiff was provided notice of the hearing scheduled for April 10, 2006. The record indicates that Plaintiff sent a letter prior to the hearing, indicating that she was too ill to attend the scheduled hearing, and could not get the necessary medical treatment to improve her condition before the hearing date. (Tr. 1202). Plaintiff's counsel appeared at the hearing, after confirming with Plaintiff that morning that she was too ill to attend the hearing, and requested a continuance. (Tr. 1202).

The ALJ noted that she normally would grant a continuance, but this case involved a court remand of an aged case. (Tr. 1202). The ALJ took counsel's objection to holding the hearing without the claimant present under advisement, but she also stated: "I am gonna deem at this point that the claimant has constructively waived her

appearance at this hearing and proceed." (Tr. 1203).

Conceivably, an ALJ can deny a request for a continuance if she finds the party's claim of "a serious physical or mental condition" is not supported by the evidence. See 20 C.F.R. § 936(e)(1).  That did not occur here.  Therefore, plaintiff did not waive her right to appear at the hearing.

Defendant argues that Plaintiff's attendance at the hearing was unnecessary under the unusual circumstances of this case.  The case was before the ALJ on remand with instructions "to conduct proceedings to further evaluate the medical evidence of record...address and evaluate the opinion evidence provided by Dr. Hanson, reevaluate Plaintiff's residual functional capacity, and...take any further action needed to complete the administrative record and issue a new decision." (Order, Docket Nos. 24, 26).

Pursuant to these instructions, the ALJ deemed it necessary to take evidence from a medical expert and vocational expert at the hearing. (Tr. 1204).  Plaintiff did not have the opportunity to offer testimony that may have altered the medical expert's opinion concerning her residual functional capacity.  The ALJ gave "great weight" to the medical expert's opinion in arriving at Plaintiff's residual functional capacity, and denied Plaintiff's claim for disability benefits.   (Tr. 992).  Therefore, Plaintiff was deprived of the right to an opportunity to personally appear and testify at a hearing before disability benefits are denied.  The case should be remanded.  The Court need not address the remaining issues regarding the ALJ's decision unfavorable decision of May 8, 2006. (Tr. 983-1000).

### III.  RECOMMENDATION

Based on the filed, records, and proceedings herein, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Motion for Summary Judgment [#12 ] be GRANTED;

2. Defendant's Motion for Summary Judgment [#19 ] be DENIED;

3. This case be remanded pursuant to the fourth sentence of section 205(g), 42 U.S.C. § 405(g);

4. Upon remand the Commissioner be directed to conduct proceedings to further evaluate the medical evidence of record; in particular, the claimant will be provided notice and opportunity to attend any hearing before the administrative law judge; the administrative law judge will address and evaluate the opinion evidence provided by Dr. Hanson, reevaluate Plaintiff's residual functional capacity, and as appropriate, take any further action needed to complete the administrative record and issue a new decision.


DATED: February 5, 2008             s/ *Franklin L. Noel*
                                    FRANKLIN L. NOEL
                                    United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 25, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words.  A judge shall made a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.