UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JENNIFER L. PARKER,                      Case No. 07-33 (DSD/FLN)

         Plaintiff,

vs.                                              **REPORT AND RECOMMENDATION**

MICHAEL J. ASTRUE,
Commissioner of Social Security,

         Defendant.

_____

Fay E. Fishman, for Plaintiff.
Lonnie Bryan, Assistant United States Attorney, for the Government.
_____

## I. INTRODUCTION

**THIS MATTER** is before the undersigned United States Magistrate Judge on Plaintiff Jennifer L. Parker's Counsel's Motion for an award of attorneys' fees and legal costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $7,685.78 [#28]. Ms. Parker's Counsel contends that she is entitled to an award of attorney's fees under the EAJA because Ms. Parker is the prevailing party in this case and because the Commissioner's position was not substantially justified. The Defendant does not dispute the fact that Ms. Parker is the prevailing party or that the Commissioner's position was not substantially justified; the Defendant contends rather that the Court should reduce the amount of Ms. Parker's requested fees because they are excessive.

## II.  PROCEDURAL HISTORY

Plaintiff Jennifer L. Parker applied for DIB on August 4, 1999, alleging a disability onset date of October 24, 1995.  (Tr. 195-197).  The Social Security Administration denied the applications initially and on reconsideration.  (Tr. 154-58, 161-63).  Plaintiff filed a request for a hearing, and the hearing was held before ALJ Michael D. Quayle on December 13, 2000.  (Tr. 38-94).  ALJ Quayle rendered an unfavorable decision on February 20, 2001.  (Tr. 140-53).  Plaintiff appealed, and the Appeals Council granted review and vacated the ALJ's decision on August 15, 2001, finding that the hearing decision did not contain an evaluation of certain mental impairments.  (Tr. 185-87).  Plaintiff attended another hearing before ALJ Quayle on January 23, 2002.  (Tr. 95-133).  ALJ Quayle issued an unfavorable decision on March 20, 2002.  (Tr. 15-26).  This time, the Appeals Council denied Plaintiff's request for review.  (Tr. 10-12).

Plaintiff appealed to this Court on July 8, 2002.  See Parker v. Barnhart, No. 02cv1713 (JSM/JNE). On September 15, 2003, United States District Judge Joan N. Ericksen issued an Order remanding the ALJ's decision for further proceedings to determine Plaintiff's residual functional capacity, in light of her subjective complaints of pain analyzed under *Polaski* and the opinions of her treating physician, Dr. Hanson. (Id., Docket No. 20.)  The Court ordered that further testimony be developed through an independent vocational expert to determine whether Plaintiff's impairments prevent her from doing her past work and any other work in the regional or national economy.  Id.

As a result of the remand, a hearing was held before ALJ Diane Townsend-Anderson on June 16, 2004. (Tr. 929-976).  She issued an unfavorable decision on October 25, 2004, and the Appeals Council denied review on March 18, 2005.  (Tr. 644-60, 634-36).  Plaintiff filed a second appeal with this Court on April 15, 2005.  See Parker v. Barnhart, 05cv769 (SRN/RHK).  United States

District Judge Richard H. Kyle granted the parties' stipulation to remand, and ordered remand on October 7, 2005.  (Id., Docket No. 26.)  The parties stipulated:

> [u]pon remand, the Commissioner will conduct proceedings to further evaluate the medical evidence of record.  In particular, the administrative law judge will address and evaluate the opinion evidence provided by Dr. Hanson, reevaluate Plaintiff's residual functional capacity, and as appropriate, take any further action needed to complete the administrative record and issue a new decision.

Id., Docket No. 24.

Upon remand, the Appeals Council ordered the ALJ to re-evaluate Dr. Hanson's opinion in order to adequately address the claimant's residual functional capacity. (Tr. 1010-1013). A hearing was scheduled before ALJ Diane Townsend-Anderson on April 10, 2006. (Tr. 1200-1216). Plaintiff was ill, and requested a continuance of the hearing through counsel. (Tr. 1202). Her request was denied, and the hearing held in her absence, over her objections. (Tr. 1203). The ALJ issued an unfavorable decision on May 8, 2006, and the Appeals Council denied review on December 1, 2006. (Tr. 983-1000, 977-979).

In response to the Appeals Council's denial of review, Plaintiff appealed to this Court on January 3, 2007. On March 14, 2008, Judge Doty issued an order adopting Magistrate Judge Noel's Report and Recommendation granting Plaintiff's Motion for Summary Judgment and denying the Government's Motion for Summary Judgment [#26].  The Plaintiff's motion was granted on the ground that she was deprived of the right to an opportunity to personally appear and testify at the hearing on April 10, 2006. The Court remanded the case and directed the Commissioner to conduct further proceedings, including a hearing for which the Plaintiff is given notice and an opportunity to attend.   Plaintiff filed this Motion for Attorney's Fees [#28] on March 21, 2008.

### III.  DISCUSSION OF LAW

A.      **Legal Standard for Fees under the EAJA**

28 U.S.C. § 2412(d)(1)(A) of EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort) . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

The EAJA also sets forth requirements for requesting an award of costs and fees:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from an attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.  The party shall also allege that the position of the United States was not substantially justified.

28 U.S.C. § 2412(d)(1)(B).

"Party" under the EAJA means an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed.  See 28 U.S.C. § 2412(d)(2)(B).  The Commissioner does not dispute that the Plaintiff was a "prevailing party" within the meaning of the statute nor does he dispute that his position was unreasonable.  The Commissioner does however contend that the Plaintiff's fees were not reasonable.

B.      **Amount of Fees to Be Awarded**

Plaintiff's counsel requests an award of fees equivalent to 54 hours of labor (6.8 hours billed at the 2006 rate of $ 161.85 per hour and 47.2 hours billed at the 2007 rate of $163.00 per hour), or

$7,685.78.[1]  49.9 hours were spent on the appeal and the petition for fees and 4.1 hours were spent on Plaintiff's reply to Defendant's response to the petition for fees.  The government does not dispute the hourly rate[2] requested by Plaintiff's counsel, but rather asserts that the amount of time spent on the case was excessive.

The EAJA allows prevailing plaintiffs to collect fees and other expenses in cases against the United States in which the government's position was not substantially justified.  See 28 U.S.C. § 2412(d)(1)(A).  The statute includes in "fees and other expenses," the reasonable expenses of expert witnesses; the reasonable cost of any study or analysis necessary for the preparation of the party's case; and reasonable attorney fees.  See 28 U.S.C. § (d)(2)(A).  Fees awarded pursuant to a fee shifting statute must be reasonable.  See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).  The Court may exclude from the fee calculation hours that were not reasonably expended.  See id.  This exclusion should include hours that are excessive, redundant, or otherwise unnecessary.  See id.; Hickey v. Sec'y of HHS, 923 F.2d 585, 586 (8th Cir. 1991) (Social Security claimant's fee award reduced because counsel claimed excessive hours for preparing routine letters, a form complaint, and a motion for summary judgement containing "canned" material).

---

[1]  Plaintiff requests $7,017.48 for the costs and fees including the instant motion plus an additional $668.30 for writing the Reply to the Defendant's Response.

[2]  The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor ... justifies a higher fee." 28 U.S.C. §§ 2412(d)(2)(A). When requesting fees under the EAJA, if the plaintiff presents uncontested proof of an increase in the cost of living sufficient to justify attorney's fees above the statutory $125, the Court should award fees at the enhanced hourly rate.  See Johnson v. Sullivan, 919 F.2d 503, 505 (8th Cir. 1990).  In the instant case, the Plaintiff stated that the relevant fees were calculated according to the Consumer Price Index and the Commissioner does not dispute the amounts.  This is a sufficient showing for enhanced fees under the EAJA and Johnson.  See id.

Defendant contends that the 5.1 hours spent by Plaintiff's attorney to initiate the action against the government is an unreasonable amount of time "considering the routine nature of the documents prepared and filed to begin a court action." (Def. Resp. to Pl.'s Mot. for Atty's Fees, 2.) Defendant also contends that Plaintiff's attorney spent too much time (24 hours) reviewing the transcript, researching and working on her memorandum of law. Defendant contends that the time spent was excessive because Plaintiff's attorney has been practicing in the area of social security for many years and was already familiar with the case, having represented the Plaintiff in two prior civil actions. We disagree and conclude that the amount of time spent by Plaintiff's counsel in initiating the action and preparing the brief was not excessive. See e.g. Talbott v. Bowen, 832 F.2d 111, 112 (8th Cir. 1987) (63.75 total hours is not excessive). As Plaintiff's attorney points out, this case has been going on for nine years and the transcript consists of 1,216 pages, 240 of which were new to this action. In addition, this motion for summary judgment concerned whether a social security applicant has a right to attend a hearing, an issue Plaintiff's attorney had not confronted before this case. Furthermore, Plaintiff's attorney logged her time spent of each task and each entry is within the range of reasonable given the protracted nature of this case.

The Defendant also contends that the fees should be paid to the Plaintiff and not directly to her attorney because the statute awards fees and expenses to the "prevailing party" not the prevailing party's attorney. 28 U.S.C. § 2412(d)(1)(A). The Court is unaware of an Eighth Circuit case addressing this issue but a number of other circuits have concluded that an award of attorney's fees under a fee-shifting statute should go directly to the attorney to ensure against a windfall to the litigant. See Miller v. Amusement Enterprises, Inc., 426 F.2d 534, 539 (5th Cir. 1970); Brandenburger v. Thompson, 494 F.2d 885, 889 (9th Cir. 1974), superseded by statute on other

grounds, as recognized in <u>Stanford Daily v. Zurcher</u>, 550 F.2d 464, 465 (9th Cir. 1977); <u>Hairston v. R. & R. Apartments</u>, 510 F.2d 1090, 1093 (7th Cir. 1975); <u>Rodriguez v. Taylor</u>, 569 F.2d 1231, 1245 (3d Cir. 1977). This Court agrees with the holdings in these cases that payment should be made directly to Plaintiff's attorney.

In sum, this Court believes that 54 hours appealing the administrative decision to this Court is not an excessive or unreasonable amount of time. Plaintiff should be granted attorney's fees in the amount of $7,685.78, the full amount of fees requested.

### IV.  RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Petition from Plaintiff's counsel for attorneys' fees and costs pursuant to 28 U.S.C. § 2412 should be **GRANTED**; and

2. The Government should be ordered to pay Plaintiff's attorney $7,685.78 in fees and costs.

DATED: August 26, 2008                                                    *s/ Franklin L. Noel*
                                                                                                    FRANKLIN L. NOEL
                                                                                                    UNITED STATES MAGISTRATE JUDGE

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 15, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.